**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10220 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00025-1 |
| v. |  |
| RYAN JASON WALL, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted April 12, 2010[**]
San Francisco, California

Before: NOONAN and CALLAHAN, Circuit Judges, and MARTINEZ, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

Ryan Wall ("Wall") appeals his convictions for conspiracy to distribute methamphetamine and attempted possession with intent to distribute methamphetamine. He argues that the district court erred in denying his motion to suppress because the search by customs officials of his DHL package was not a permissible border search or extended border search, and the search warrant was so lacking in probable cause that customs officials could not rely on it in good faith. Because the search was a permissible extended border search, we affirm the district court's order without reaching Wall's other arguments.

We review de novo the legality of a border search. *United States v. Romm*, 455 F.3d 990, 996 (9th Cir. 2006). The district court's factual findings are reviewed for clear error. *United States v. Camacho*, 368 F.3d 1182, 1183 (9th Cir. 2004).

An extended border search is permissible even without a warrant if (1) under the totality of the circumstances it is reasonably certain that the contraband subject to search crossed the border and (2) the search is supported by reasonable suspicion. *United States v. Sahanaja*, 430 F.3d 1049, 1054 (9th Cir. 2005) (citing *United States v. Cardona*, 769 F.2d 625, 629 (9th Cir. 1985)). First, the totality of the circumstances test is met here because Wall's DHL package was in the custody of customs officials or DHL agents at all times, and it is evident that the contents

2

were undisturbed between the time the package physically entered Guam and the time it was searched. *See Cardona*, 769 F.2d at 629 (totality of circumstances test met where parcel was in custody of Federal Express agents). Second, customs officials had reasonable suspicion to believe the package contained contraband based on (1) the tip from the informant who met face-to-face with agents; (2) the package labeling; (3) the manner in which the package was taped; (4) the inconsistency between the label and the contents revealed through x-ray; and (5) the x-ray, which revealed a suspicious substance consistent with contraband. Thus, the extended border search was permissible.

Furthermore, Wall's argument that customs officials missed their chance to search Wall's DHL package when they transferred the package to DHL, a private shipping company, is misplaced. That a cursory search or no search occurred at the time of the initial border crossing does not prevent later searches from coming under the rules of border searches. *See United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994).

**AFFIRMED.**